USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/25/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JASON A. CINTRON,                                                       :
                                                                        :
Petitioner,                                                             :       OPINION AND ORDER
                                                                        :
        -against-                                                      :
                                                                        :       19-cv-10867 (NSR) (AEK)
SUPERINTENDENT MELECIO,                                                 :
                                                                        :
Respondent.                                                            :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

        Petitioner Jason Cintron ("Petitioner") commenced the instant proceeding in New York

State Supreme Court, Orange County pursuant to 28 U.S.C. § 2254 challenging his detention and

criminal conviction. (ECF No. 2.) Respondent Phil Melecio, Superintendent of Wallkill

Correctional Facility ("Respondent" or "Superintendent Melecio") opposed the petition. (ECF

Nos.11 & 12.) Thereafter, Petitioner filed a reply. (ECF No. 16.)  The case was initially referred

to Magistrate Judge Lisa M. Smith, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), to

issue a Report and Recommendation ("R & R") on Petitioner's petition. On October 19, 2020,

the matter was re-assigned to Magistrate Judge Andrew E. Krause ("MJ Krause"). Presently

before the Court is MJ Krause's R & R recommending that the petition be DENIED and the

matter deemed DISMISSED with prejudice. (ECF No. 18.) For the following reasons, the Court

adopts the R & R in its entirety.

1

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record,

2

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge,* No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Despite the passage of more than fourteen days, neither Petitioner nor Respondent have objected to MJ Krause's R & R. As required, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

As outlined in more detail in the R & R, Petitioner was convicted following a guilty plea in New York State Supreme Court, Orange County, pursuant to a plea agreement which included a four-count indictment and a single charge information. Petitioner was subsequently sentenced as a violent felony offender, to a determinate term of imprisonment of eight years and a five-year term of post-release supervision upon his conviction for criminal possession of a weapon in the second degree, the top count of the indictment. He was also sentenced to lesser terms of incarceration on the remaining three-counts of the indictment and the misdemeanor information, to run concurrently. Petitioner does not contest his conviction but asserts his gun-related sentence

was unduly harsh and excessive. However, as outlined in the R & R, Petitioner's claim is now moot.

In the context of a writ of habeas, if a petitioner's sentence concludes before final resolution of his petition, any challenge to the validity of the sentence is deemed mooted. *See Lane v. Williams*, 455 U.S. 624, 631-33 (1982). For the litigation to continue post release, a petitioner must be able to articulate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Carafas v. La Vallee*, 391 U.S. 234, 237 (1968). Here, no such collateral consequence has been asserted by Petitioner.

## **CONCLUSION**

Upon review of the R & R, the Court finds no clear error. Accordingly, the Court adopts MJ Krause's well-reasoned R & R in its entirety. The petition is deemed DISMISSED.

The Clerk of Court is respectfully directed to terminate the motion (ECF No. 2) and to terminate the action. The Clerk of Court is further directed to mail a copy of this Opinion & Order to Petitioner to: Jason A. Cintron, DIN No. 17A0641, Woodbourne Correctional Facility, 99 Prison Road, PO Box 1000, Woodbourne, NY 12788.[1]

SO ORDERED.

Dated: February 25, 2026
White Plains, New York

Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.

---

[1] According to the DOCCS "Incarcerated Lookup" website, this is where Petitioner was most recently housed in DOCCS custody prior to his release to parole. See www.nysdoccslookup.doccs.ny.gov (Jason A. Cintron, DIN 17A0641) (last visited 2/25/2026).